UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MENDY PROPERTIES, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6302** |
| **RHODES LIFE INSURANCE COMPANY, ET AL.** | **SECTION I** |

# ORDER

Before the Court is a motion to vacate order dismissing case filed by plaintiffs Mendy Properties, LLC, Edward Mendy, and Cheryl Mendy.[1] For the following reasons, the motion must be denied.

First, during a March 12, 2010 status conference, "the parties consented to the appointment of John Busenlener as an independent accounting expert to determine the balance of the loan in question. Each party . . . agreed that the opinion of Mr. Busenlener [will] be binding on the parties."[2] In accordance with such agreement, the Court ordered "that the determination of the independent accounting expert will resolve all outstanding issues and result in the dismissal of this lawsuit unless the expert determines that the amount owed to defendants by plaintiffs in principal and interest through July, 2008, is less than $72,042.02."[3] On June 14, 2010 the Court dismissed this action without prejudice, stating that "[e]ither party may move this Court to re-open this matter in the event the independent accounting expert, John Busenlener, determines that the amount owed to defendants by plaintiffs in principal and interest through July, 2008, is less than $72,042.02."[4]

---

[1] R. Doc. No. 65.
[2] R. Doc. No. 59.
[3] Id.
[4] R. Doc. No. 64.

1

Plaintiffs have failed to advise this Court that Mr. Busenlener determined that "the amount owed to defendants by plaintiffs in principal and interest through July, 2008, is less than $72,042.02."[5] Accordingly, plaintiffs' motion to vacate must be denied.

Second, although plaintiffs have moved for relief under Federal Rule of Civil Procedure 60(b) from the Court's order dismissing this case, plaintiffs have not met their burden under such rule. "Rule 60(b) relief will be afforded only in 'unique circumstances.'" Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir.1985) (quoting Wilson v. Atwood Group, 725 F.2d 255, 257, 258 (5th Cir.1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 (2d Cir.2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiffs have failed to meet their Rule 60(b) burden. Citing no authority, plaintiffs have merely made conclusory allegations that the order dismissing the case without prejudice was entered as a result of mistake, inadvertence, or misrepresentation.[6]

---

[5] Id.
[6] Id.

Accordingly, plaintiffs' motion to vacate order dismissing case without prejudice is

**DENIED**.

New Orleans, Louisiana, August 8, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**