UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MENDY PROPERTIES L.C. ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6302** |
| **RHODES LIFE INSURANCE CO. ET AL** | **SECTION I** |

## ORDER AND REASONS

Plaintiffs Mendy Properties, L.C., Edward Mendy, and Cheryl Mendy move[1] to reopen this six-year old case pursuant to Rules 60(b)(6) and 60(d)(3) of the Federal Rules of Civil Procedure. Plaintiffs argue that they just recently obtained documents showing that defendants committed a fraud on them and the Court by failing to disclose, during settlement proceedings in front of a court-appointed accountant, a $100,000 payment from a title company to defendants on behalf of plaintiffs. Plaintiffs further allege that the supposed fraud resulted in the accountant's report being off by $100,000. R. Doc. No. 76-1, at 4. Defendants counter that their records indicate that the funds at issue were received but then subsequently transferred by them to another title agency for use in another transaction by the Mendy family. *See* R. Doc. Nos. 89, 89-2.

Regardless of which story is correct, plaintiffs do not justify reopening this matter. To reopen a matter for fraud on the court pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, there must be "a material subversion of the legal

---

[1] R. Doc. No. 76.

process" that "could not have been exposed within the one-year window provided by what is now Rule 60(c)." *Jackson v. Thaler*, 348 F. App'x 29, 34-35 (5th Cir. 2009). Plaintiffs do not persuade the Court that they could not have discovered the supposed "fraud" until 2016. Not only do plaintiffs appear to have obtained the supposedly missing evidence in a friendly email from the title company in 2016, *see* R. Doc. No. 76-4, at 1, but also plaintiffs should have had a record of the money transfer the whole time. After all, the transfer was made in their name and presumably at their instruction. Further, as plaintiffs do not allege that both the title company and Whitney Bank were knowing accomplices to the fraud, plaintiffs also do not explain how they could not have obtained the records that they present now with a few well-aimed subpoenas. Accordingly, plaintiffs cannot demonstrate entitlement to relief under Rule 60(d)(3). *See, e.g.*, *Fantroy v. First Fin. Bank, N.A.*, No. 12-82, 2015 WL 5178398, at *4 (N.D. Tex. 2015).[2]

The same is true of plaintiffs' request for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. To obtain relief under Rule 60(b)(6), plaintiffs must demonstrate (1) "extraordinary circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 534

---

[2] In the alternative, plaintiffs—who have the burden of demonstrating entitlement to relief under Rule 60(d)(3), *see King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002)—do not show that an officer of the court knowingly participated in the alleged fraud. Therefore, plaintiffs do not meet the standard for obtaining relief for fraud on the court pursuant to Rule 60(d)(3), which requires more than just an incorrect statement by an officer of the court before relief is proper. *See, e.g.*, *Williams v. Cain*, No. 04-2187, 2011 WL 2417108, at *3 (E.D. La. 2011) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party *in which an attorney is implicated*, will constitute fraud on the court." (emphasis added) (internal quotation marks omitted)).

(2005), and (2) that the motion for relief was "made within a reasonable time," Fed R. Civ. P. 60(c)(1). Plaintiffs' lack of diligence in record keeping and pursuing seemingly otherwise available information hardly demonstrates the sort of circumstances that justify reopening a judgment. *See, e.g., Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).

Accordingly,

**IT IS ORDERED** that plaintiffs' motion is **DENIED.**

New Orleans, Louisiana, December 21, 2016

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**